John UMHOLTZ and Clarence Beard, Appellants,

v.

The CITY OF TULSA, By and Through its Mayor, Robert J. LaFortune, and Jack Purdie, Chief of Police, Appellees.

No. 52365.

Supreme Court of Oklahoma.

July 8, 1980.

Hall, Estill, Hardwick, Gable, Collingsworth & Nelson by Frank M. Hagedorn, Tulsa, for appellant Clarence Beard.

Waldo F. Bales, City Atty. by Imogene Harris, Asst. City Atty., Tulsa, for appellees.

HARGRAVE, Justice.

Clarence Beard brings this appeal from a judgment of the District Court of Tulsa County which held that an adequate reasoned explanation for Mr. Beard's suspension without pay was given to him, thus upholding that disciplinary action taken by the City of Tulsa through its Chief of Police. This proceeding has appeared before this tribunal as *John Umholtz and Clarence Beard v. City of Tulsa*, Cause # 48,401, 565 P.2d 15 (Okl.1977), and there the determination was made to remand this cause to the trial court to consider if the two police officers had been provided an adequate reasoned explanation for that disciplinary action taken by the city. The holding in the last cited cause rejected the officers' claim that prohibition would lie to block the suspension until the two officers were provided a presuspension review and opportunity to be heard, finding the officers had no unlimited property right in continued employ-

ment protected by the 14th Amendment's due process clause of the Federal Constitution. That determination necessitated the dissolution of the writ of prohibition granted against the City by the trial court. In that cause, we held the due process clause of the Oklahoma Constitution, Art. 2, § 6 afforded minimal protection of a limited property right in continued employment created by the charter of the City of Tulsa which would be satisfied by affording the affected officer with an explanation of the reason for the action taken.

The thrust of appellant Beard's argument is that both he and Officer Umholtz were subjected to disciplinary action as a result of their aborted attempt to arrest a husband and wife for a traffic offense while out of uniform, driving an unmarked vehicle, thereby hindering the couple's effort to arrive at St. John's Hospital prior to the birth of their child. The appellant states the letter of notification issued each officer is identical, and this fact necessitates a reversal of a judgment finding one officer was properly notified and one was not inasmuch as the same transaction generated two identical suspension letters; but the trial judge found one met the criteria set out in *Umholtz, supra,* and the other did not.

It is to be noted that the letters of suspension are not identical. First, the language varies although they express similar statements. Secondly, the operative distinction rests in the violations noted by the suspension letters. Officer Umholtz was given a suspension letter held by the journal entry to be an inadequately reasoned explanation of the reason for his suspension. This letter specified violation of Section 16 and Section 40 of the Rules and Regulations of the Tulsa Police Department "as a result of your conduct on July 17, 1974." Rule 16 is a general rule specifying that an officer " . . . shall not engage in any conduct that is considered unbecoming an officer which might be detrimental to the service." Rule 40 deals with arrests and the use of physical force. That rule reads:

Officers shall strictly observe the laws of arrest. Only necessary restraint to assure safe custody of a prisoner and the safety of the officer shall be employed.

Use of force by an officer, when necessary, shall be restricted to circumstances specified by law. When an officer is required to strike or use considerable physical force against another person, he shall submit a written report to the Chief of Police.

These two rules were held by the trial court to present insufficient notification of the reason for the suspension, while the second officer's letter was held to convey sufficient notice of the reasons for the disciplinary action taken. The distinction may be fine although it is determinative here, in that the only suspension here appealed from is Officer Beard's. We do not express a definitive opinion on review of whether citation to general rules prohibiting broad ranges of conduct such as "conduct unbecoming an officer" would or would not uphold a suspension. The trial judge found here no adequate explanation existed in the citation to such a broad regulation and neither party has appealed that decision. The suspension letter issued to Officer Beard cited the above discussed rules, and in addition, Rule 50 which has two sections. The sections are juxtaposed, one detailing when firearms are to be utilized, and the other states: "Firearms shall not be discharged or used for the following purposes:" The three following items are all applicable to the disciplined officer and the altercation of the 17th of July, 1974.

A. To fire a warning shot.

B. At moving or fleeing vehicles which are merely violating the traffic code.

C. In all misdemeanor incidents.

A supplementary Incident Report entered in the record with a trial brief is signed by Officer Umholtz and states in substance that the reporting officer was not asked what violations of the law the complaining citizen was observed to commit, and upon request the report was expanded to include: § 248 Speed to slow for conditions. § 242 Posted Speed Limit no driver shall exceed

. . . § 225 Obedience to police and fire department officers and school guards. Clearly, the evidence discloses a violation of two of the three instances in which discharge of firearms is prohibited, and there is a conflict in the evidence relative to a violation of the third.

 The distinction between notification of a violation of a rule which flatly prohibits certain specified acts and notification of violation of a rule prohibiting unbecoming conduct on the part of an officer sufficient to uphold the trial court's determination that one written statement suffices as an adequate reasoned explanation of grounds for discipline. The trial court found that the officers involved either had a copy or could obtain a copy of these rules, and that in the conduct of their official duties, the officers were charged with knowledge of the rules and regulations of the Police Department of Tulsa. Neither ruling is contrary to the weight of the evidence nor incorrect as a matter of law, and we therefore affirm the judgment of the trial court, as its determination is within in the guidelines set forth in *Umholtz v. City of Tulsa*, 565 P.2d 15 (1977), wherein this Court stated at pp. 25 and 26 that the decision-making entity must inform the officer of the essential facts upon which a decision is made and the grounds for making the decision. Citation of Rule 50 at once satisfies both criteria in this instance by describing the fact of the violation: discharge of a firearm in a traffic violation instance where no felony had been committed. Under the scope of review described in *Umholtz, supra*, adopted from *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), review here will be limited to determining from the written statement, and the facts behind that statement when substantive issues are properly considered, whether the decision of the agency, here the Chief of Police, is so irrational as to render the decision arbitrary and capricious. Concluding the suspension letter contains a rational statement of fact and a defensible ground (being a specific act violative of Police regulations), the officer's suspension upheld in the trial court is here AFFIRMED.

LAVENDER, C. J., ERWIN, V. C. J., and WILLIAMS, BARNES, SIMMS and OPALA, JJ., concur.